**IMG-117**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3067
_____

M. E. G.-C.,
                                Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-938-535)
Immigration Judge:  Honorable R.K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2011
Before:  AMBRO, GREENAWAY, JR. AND GREENBERG, Circuit Judges

(Opinion filed: May 11, 2011)
_____

OPINION
_____

PER CURIAM

M. E. G.-C. (Petitioner), petitions for review of a decision of the Board of

Immigration Appeals (BIA).  For the reasons below, we will deny the petition for review.

Petitioner, a minor and native of El Salvador, entered the United States in May

1

2007. He was charged as removable for being an alien present in the United States without being admitted or paroled. He conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He stated that he feared retaliation by the gang members who had murdered his cousin.

After a hearing, an Immigration Judge (IJ) concluded that Petitioner had not suffered past persecution and will not suffer future persecution on account of a protected ground if returned to El Salvador. The IJ also denied relief under the CAT because she concluded that no one would torture him if he were returned to El Salvador.

The BIA dismissed Petitioner's appeal. It concluded that he had not established that the violence he feared would be on account of a protected ground. The BIA determined that he had not shown that he was a member of a cognizable social group or that a political opinion would be imputed to him. The BIA noted that Petitioner's family members remained in the same town in El Salvador and were unharmed. As for his CAT claim, the BIA concluded that Petitioner had not shown that he would more likely than not face torture with the acquiescence of the government of El Salvador. Petitioner filed a timely petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252. To establish eligibility for asylum, Petitioner must demonstrate either past persecution or a well-founded fear of future persecution in El Salvador on account of race, religion, nationality, membership in a particular social group, or political opinion. See Vente v. Gonzales, 415 F.3d 296, 300

2

(3d Cir. 2005). For withholding of removal, he must demonstrate that it was more likely than not that his life would be threatened in El Salvador on account of one of these protected grounds. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal under the Convention Against Torture, Petitioner needs to demonstrate that it is more likely than not that he would be tortured if removed to El Salvador. 8 C.F.R. § 1208.16(c)(2). We review the BIA's factual determinations under the substantial evidence standard. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). The factual findings on which the BIA's decision rests are considered conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We exercise de novo review over the BIA's legal decisions. Toussaint v. Att'y Gen., 455 F.3d 409, 413 (3d Cir. 2006).

In his brief, Petitioner does not explain how the violence he fears in El Salvador is connected to a protected ground; he contends that he would be targeted by the gang who murdered his cousin. Petitioner does not make clear how this would be on account of any imputed political opinion or on account of his membership in a cognizable social group. Brief at 10-11. To the extent that Petitioner is arguing that he is a member of the social group of family members of gang murder victims, we note that his family members in El Salvador have not been threatened or harmed. Moreover, Petitioner remained unharmed in El Salvador for over a year after his cousin's murder.

As for his CAT claim, Petitioner argues that the cousin's murderers appear to live

3

beyond the reach of the law and the government's failure to apprehend them constitutes willful blindness to Petitioner's possible torture. Brief at 11-12. However, Petitioner's mother testified that gang members were being arrested and the jails were full of them. A.R. at 141. Thus, the record does not compel a finding that the El Salvadorean government is willfully blind to the problem of gang violence.

Petitioner has not shown that the record would compel any reasonable adjudicator to find that he has a well-founded fear of persecution or that he is likely to face torture if removed to El Salvador. Accordingly, we will deny the petition for review.